FILED
 2008 Jun-30  PM 01:18
 U.S. DISTRICT COURT
    N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **JAMES SURGET SHIELDS, IV,** | }<br>} |
| Plaintiff, | }<br>} |
| vs. | }    **CASE NO. CV 08-B-690-NE**<br>} |
| **BLAKE DORNING; BROWN, Nurse,** | }<br>}<br>} |
| Defendants. | } |

## MEMORANDUM OPINION

This case is before the court on plaintiff James Surget Shields, IV's ("Shields"), Motion for Leave to Proceed *in forma pauperis*, (doc. 2).[1]  Shields, who is proceeding *pro se*, has submitted an affidavit on a form provided by the Clerk of the Northern District of Alabama that clearly indicates that Shields is indigent and economically eligible for *in forma pauperis* status.  Nevertheless, as explained in more detail below, Shields's motion is due to be denied and his claims are due to be dismissed *sua sponte* (on the court's own motion) because the court lacks subject matter jurisdiction.

## I. FACTUAL SUMMARY

Shields submitted his complaint on the "General Complaint Form for Pro Se Litigants" that is provided by the Clerk of the Northern District of Alabama.  (Doc. 1 at

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

1

1.) On this complaint form, Shields lists as the defendants, "Sheriff, Blake Dorning," "Nurse Brown," and "Arresting Officers, Names Unknown." (*Id.*) Shields only lists an address for defendant Blake Dorning, at the sheriff's office in Huntsville, Alabama. (*Id.*) Furthermore, Shields leaves the complaint entirely blank in the sections provided for the jurisdictional basis and the statement of the claim. (*Id.* at 2–3.) In the final section of the complaint form, entitled "Relief," Shields offers his only comment about the nature of the case, referencing a 1994 lawsuit against Sheriff Patterson. (*Id.* at 3.) With this information, the court has located Shields's 1994 lawsuit, in which Shields was awarded a $5,000 judgment against defendants other than Patterson. *See Shields v. Patterson et al.*, No. 94-1904 (N.D. Ala. Mar. 25, 1999). Notably, the court's docket sheet for that case reports a satisfaction of the judgment on April 19, 1999. *See id.*

## II. DISCUSSION

Federal courts are courts of limited jurisdiction. Subject matter jurisdiction in federal courts only exists pursuant to either 28 U.S.C. § 1331 (federal question jurisdiction) or 28 U.S.C. § 1332 (diversity jurisdiction). According to the Federal Rules of Civil Procedure ("the Federal Rules"), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Thus, the court has a continuing obligation to assess whether it has subject matter jurisdiction over any case before it and to dismiss those cases over which it does not have such jurisdiction.

Shields's failure to specifically identify the jurisdictional basis in his complaint is not, by itself, fatal to his case.  However, simply listing a government official as a defendant and mentioning a previous lawsuit, the judgment of which, by all appearances, has been completely satisfied, is not sufficient to state a claim under federal law and to invoke federal question jurisdiction, or, alternatively, to state a claim that would meet the requirements of the diversity jurisdiction statute.  Because Shields's complaint offers no allegations that establish the court's subject matter jurisdiction, Shields's claims will be dismissed pursuant to Rule 12(h)(3) of the Federal Rules.

### III. CONCLUSION

For the foregoing reasons, the court is of the opinion that it lacks subject matter jurisdiction over Shields's complaint and that his claims are due to be dismissed.  Because his claims are due to be dismissed, Shields's Motion for Leave to Proceed *in forma pauperis*, (doc. 2), is due to be denied as moot.  An Order in accordance with this Memorandum Opinion will be entered contemporaneously herewith.

**DONE** this 30th day of June, 2008.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE